Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Bassil Madanat, Bar No. 285280
bassil@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff Drop Stop LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROP STOP LLC, *a California Limited Liability Company*,<br><br>Plaintiff,<br><br>v.<br><br>JIAN QING "JOHNNY" ZHU, *an individual*; ZAKE INTERNATIONAL INC., *an Indiana Corporation*; ZAKE USA, *an unincorporated entity*; 3BTECH, INC., *an Indiana Corporation*; and Shenzhen Zhouwu Technology Co., Ltd., *a Chinese Limited Company*.<br><br>Defendants. | Case No. 2:16-cv-7916<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR PATENT INFRINGEMENT

**COMPLAINT**

Plaintiff Drop Stop LLC ("Drop Stop") by and through its undersigned attorneys, complains as follows:

**Nature of Action**

1.     Entrepreneurs Jeffrey Simon and Marc Newburger are the inventors behind an innovative apparatus that obstructs the gap between an automobile's front seats and the automobile's center console, preventing personal items from becoming lodged in the small space.  In 2012, the U.S. Patent and Trademark Office issued to Simon and Newburger U.S. Patent No. 8,267,291 for an "Apparatus for Closing Gaps" (the "'291 Patent").

2.     In 2007, Simon and Newburger formed a business, Drop Stop LLC, through which they would develop, market and distribute the device, calling it the DROP STOP®.  Drop Stop LLC is the owner by assignment of the '291 Patent, which covers the DROP STOP® apparatus.

3.     Defendant Jian Qing "Johnny" Zhu has knowingly, blatantly and willfully misappropriated Drop Stop's intellectual property rights.  Through the sales of certain automobile accessory products, Defendant Zhu is willfully infringing Drop Stop's '291 patent and refuses to cease and desist such wrongful conduct, despite repeated cease-and-desist demands.

4.     To avoid liability, Defendant Zhu has masked his infringement by operating through various aliases and shells, including "Also Popular"; "Coolgate"; "BOTU"; "ChiTronic"; Zake  International, Inc.; Zake USA; 3BTech, Inc., and Shenzhen Zhouwu Technology Co., Ltd. (collectively, "Defendants").

5.     By this action, Plaintiff seeks to put a stop to the Defendants' unlawful conduct and obtain compensation for the violations that have occurred thus far.

**Parties**

6.      Plaintiff Drop Stop is a Limited Liability Company existing under the laws of the State of California, having its principal place of business in Los Angeles, California.

7.      Defendant Jian Qing Zhu is an individual who resides in or near Granger, Indiana.  On information and belief, Mr. Zhu lives at 10204 Adams Rd, Granger, Indiana 46530.  Defendant Jian Qing Zhu also uses the aliases "Jianqing Zhu" and "Johnny Zhu."

8.      Defendant Zake International Inc. ("Zake International") is a corporation organized and existing under the laws of the State of Indiana, having a principal place of business in South Bend, Indiana.

9.      Defendant Zake USA is a division, affiliate and/or alter ego of Zake International.

10.      Defendant 3BTech, Inc. ("3B Tech") is a corporation organized and existing under the laws of the State of Indiana, having a principal place of business in South Bend and/or Mishawaka, Indiana.

11.      On information and belief, Defendant Shenzhen Zhouwu Technology Co., Ltd. ("Shenzhen Zhouwu") is a company organized and existing under the laws of China, having a principal place of business in Guangdong, China.

12.      On information and belief, Defendants Zake USA, Zake International, 3B Tech and Shenzhen Zhouwu are divisions, affiliates and/or alter egos of one another, and alter egos of Defendant Zhu.

13.      Defendants Zhu, Zake International, Zake USA, 3B Tech and/or Shenzhen Zhouwu use the alias and/or trade name "Also Popular" to sell and offer for sale products in California and throughout the United States, including through Amazon.com.

14.      Defendants Zhu, Zake International, Zake USA, 3B Tech and/or Shenzhen Zhouwu also use the alias and/or trade name "ChiTronic" to sell and offer

COMPLAINT FOR PATENT INFRINGEMENT

for sale products in California and throughout the United States, including through Amazon.com.

15.   On information and belief, Defendants Zhu, Zake International, Zake USA, 3B Tech and/or Shenzhen Zhouwu are also doing business as and/or are affiliated with entities known as "Coolgate" and "BOTU," among other names.

## Jurisdiction and Venue

16.   This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.  The amount in controversy exceeds $75,000.00.

17.   This Court has personal jurisdiction over each Defendant because, among other things, each Defendant transacts business by facilitating sales and marketing the infringing products in the State of California, including in this Judicial District.

18.   Among other things, Defendants maintain an office in this Judicial District at 525 Pariott Place, City of Industry, California 91475.

19.   Among other things, Defendants also maintain a distribution center in Los Angeles, California.

20.   In addition, each of the Defendants has willfully infringed, either directly or indirectly, the patent-in-suit owned by Drop Stop LLC, a company residing in the State of California, thereby intentionally directing harm to a California resident.

21.   Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, among other things, Defendants transact business within this District, facilitate offers for sale of infringing products in this District, and/or facilitate infringing sales of the accused products in this District.

## Factual Background

### *The Growth of DROP STOP®*

22.   Entrepreneurs Jeffrey Simon and Marc Newburger invented the DROP STOP®, a device that obstructs the gap between an automobile's front seats and the

COMPLAINT FOR PATENT INFRINGEMENT

automobile's center console, preventing personal items from becoming lodged in the small and largely inaccessible gap.  The DROP STOP® provides numerous benefits to drivers and passengers, including mitigating distractions while on the road.  To promote the development and distribution of the DROP STOP® and the growth of their ensuing business, Simon and Newburger founded Drop Stop LLC, which was and still is headquartered in Los Angeles, California.  Simon and Newburger are co-Presidents of Drop Stop LLC.

23.    As a reflection of their innovative product, in 2012 the U.S. Patent and Trademark Office issued U.S. Patent No. 8,267,291 for an "Apparatus for Closing Gaps" (the "'291 Patent"), which covers the DROP STOP® product.  Jeffrey Simon and Marc Newburger are the sole inventors listed on the patent.  A true and correct copy of the '291 Patent is attached hereto as Exhibit A.

24.    In March 2013, Simon and Newburger, on behalf of their business, were featured on the hit primetime ABC series "Shark Tank" through which they were able to promote their DROP STOP® (including the fact that it is patented) to well-known angel investors, as well as to millions of viewers around the world.  After pitching DROP STOP® on the show, investor "shark" and "Queen of QVC" Lori Greiner remarked, "I know if something is a Hero or a Zero and Drop Stop is a real Hero."

25.    Based on the resulting success and sales surge of DROP STOP® after its television showcase, the patented product was featured on Shark Tank again on multiple occasions, including in November 2013 and December 2014.  Since then, the patented DROP STOP® has also been featured on Oprah.com, "The Howard Stern Show," "The View," "The Queen Latifah Show," ABC7 News, CBS and KCAL News, *Car and Driver* magazine, Cars.com and other reputable media and consumer publications.

26.     Today, the patented DROP STOP® product is sold nationwide through big box and large online retailers, including WalMart, Amazon.com, Bed Bath & Beyond, QVC, as well as other national and global retailers.

27.     Labels for the DROP STOP® product are marked with the '291 Patent number, and have been so marked substantially since the '291 Patent issued.

### The '291 Patent at Issue

28.     Drop Stop LLC holds all interest in and title to the '291 Patent, including the right to sue for past and current damages relating to infringement.

29.     Claim 8 of the '291 Patent recites the following limitations:

An apparatus adapted to be disposed in an automotive vehicle between a seat and a central console of the automotive vehicle, comprising:

a. an elongated member including a casing having a top, a bottom, and a pair of opposed first and second sides, the casing enclosing a core, the first side adapted to abut the seat and the second side adapted to abut the central console, the elongated member configured to slide along the central console during longitudinal motion of the seat; and

b. a slot encircled by the casing and the core, and extending between the bottom and top of the elongated member in a generally vertical attitude normal to both the bottom and the top and aligned longitudinally when placed in the vehicle and adapted to receive a seatbelt component having one end anchored to a side of the seat, wherein the slot provides engagement to the seatbelt component when properly positioned adjacent the car seat to permit the elongated member to slide along the central console during longitudinal motion of the seat, wherein the slot is generally oval in shape when engaged with the seatbelt component.

30.     Claim 14 of the '291 Patent recites the following limitations:

An apparatus for use in an automotive vehicle having a central console extending alongside a seat, comprising:

a. an elongated member including a casing of a first material enclosing a core of a second material having a first portion adapted to be pressed against the central console positioned adjacent to the seat, and a second portion adapted to be pressed against the seat when the

6
COMPLAINT FOR PATENT INFRINGEMENT

elongated member is positioned in a gap defined between the central console and the seat; and

b. a slot extending through the casing and the core of the elongated member, and adapted to receive a safety belt receiving component having a first end coupled to the seat and a second free end, wherein the slot is configured to allow the free end of the safety belt receiving component to pass through the slot and wherein the slot is conformable around the safety belt receiving component, and wherein the slot provides engagement to the safety belt receiving component when properly positioned adjacent to the seat, wherein the slot has an open configuration when engaged with the safety belt receiving component and a partially closed configuration when disengaged from the safety belt receiving component.

31.    The '291 Patent is valid and subsisting.

### *The Relationships Among the Various Defendants*

32.    Defendant Jian Qing "Johnny" Zhu operates various listings on Amazon.com under the name "Also Popular."

33.    Defendant Zhu operates the "Also Popular" listing using his email address alsopopular@zakeusa.com.

34.    Amazon.com records identify the seller associated with the "Also Popular" listings as Jian Qing Zhu/Also Popular.

35.    According to Indiana Secretary of State records, Mr. "Jianqing Zhu" is also the President of and registered agent for Defendant Zake International.

36.    According to Indiana Secretary of State records, the principal office of Zake International is 3431 William Richardson Dr., Ste B, South Bend, Indiana 46628.

37.    The building located at William Richardson Dr., Ste B, South Bend, Indiana 46628 is also the 3B Tech building.  The words "WWW.3BTECH.NET" appear on the building.

38.    The domain name zakeusa.com is registered to Johnny Zhu from 3B Tech Inc.

39.    The website www.zakeusa.com is the website for Zake USA.

7

COMPLAINT FOR PATENT INFRINGEMENT

40.     The website www.zakeusa.com indicates that the "head office" for Zake USA is located at 3431 William Richardson Dr. South Bend, IN 46628, USA, which is the same address associated with Zake International and 3B Tech.

41.     The website for www.zakeusa.com identifies "Johnny Zhu" as part of its executive team.  Specifically, the website includes the following description of Johnny Zhu:

> Johnny has a history of filtering big data, finding the right products, and analyzing potential engineering and IP issues with the US market.  Once an ideal product is identified, the entire package—from product design, branding, marketing, and PR—is helped to market through Johnny's guidance. (http://zakeusa.com/about.html).

42.     The website for www.zakeusa.com indicates that Zake USA has an "LA Office" located at 525 Pariott Place, City of Industry, California 91475.

43.     The website for www.zakeusa.com also indicates that Zake USA has "Distribution Centers" located in Los Angeles, CA; Minneapolis, MN; and South Bend, IN.

44.     The website for www.zakeusa.com also indicates that Zake USA has a "China Office" located at Rm. 203, Bldg. C, Getailong Industrial Park, #445 Bulong Rd., Longgang Dist, Shenzhen, China.

45.     According to U.S. Patent and Trademark Office records, Defendant Shenzhen Zhouwu is the registrant of the ChiTronic mark (Serial Nos. 86667899 and 86706304).

46.     According to the USPTO records, Defendant Shenzhen Zhouwu is located at "CHINA 2/F, Bldg. C, GeTaiLong Industrial Park No. 445, Bulong Rd., Bantian St., Longgang Shenzhen, Guangdong CHINA," which is substantially the same address on zakeusa.com for its "China Office."

47.     On information and belief, Defendants Zake International, Zake USA, 3B Tech and Shenzhen Zhouwu are affiliates and/or alter egos of one another, and of Defendant Zhu.

48.     On information and belief, Defendants Zake International, Zake USA and 3B Tech—including the offices located in South Bend, IN and City of Industry, CA—are general agents for Shenzhen Zhouwu.

### *The Infringing Products*

49.     Defendants Zhu, Zake International, Zake USA, 3B Tech and Shenzhen Zhouwu make, sell, offer for sale, use and import into the United States automobile accessory products that directly and indirectly infringe one or more claims of the '291 Patent.

50.     Defendants sell and offer to sell the infringing products on popular online retail websites, including Amazon.com and others.

51.     Among other things, Defendants sell and offer for sale products that infringe the '291 Patent through the Amazon.com website.

52.     Defendants make, use, sell, offer for sale and/or import into the United States the "ChiTronic Car Vehicle Seat Hand Brake Gap Filler Pad" (the "ChiTronic Product").

53.     Defendants make, use, sell, offer for sale and/or import into the United States the ChiTronic Product through Amazon.com, listing the product under various seller names including "Also Popular," "Coolgate," "BOTU" and others.

54.     One Amazon Standard Identification Number ("ASIN") for the ChiTronic Product is B00SFKMN8O.

55.     Two true and correct copies of exemplary Amazon listings for the ChiTronic Product are attached hereto as Exhibits B and C.

56.     On information and belief, Defendants and/or their affiliates and/or alter egos also sell infringing products through other ASINs on Amazon.com and through other sales channels.

COMPLAINT FOR PATENT INFRINGEMENT

57.     According to one Amazon.com listing by Defendants, the "ChiTronic Car Vehicle Seat Hand Brake Gap Filler Pad" is offered for sale "by ChiTronic."

58.     According to one of Defendants' listings on Amazon.com, the ChiTronic Product is also "Sold by Also Popular and Fulfilled by Amazon."

59.     On one of their Amazon.com listings, Defendants claim that "Also Popular is only [sic] authorized dealer on Amazon, please be ware [sic] of purchasing from other sellers."

60.     According to one of Defendants' listings on Amazon.com, the ChiTronic Product also "Ships from and [is] sold by COOLGATE."

61.     According to one of Defendants' listings on Amazon.com, "BOTU" is also identified as a "Seller" of the ChiTronic Product.

62.     By making, using, selling, offering for sale and/or importing into the United States the ChiTronic Product, Defendants directly and indirectly infringe at least claims 8 and 14 of the '291 Patent.

63.     In its intended configuration, the ChiTronic Product is an apparatus that obstructs the gap between an automobile's front seats and the automobile's center console, preventing personal items from becoming lodged in the small space.

64.     In its intended configuration, the ChiTronic Product includes a member with a casing enclosing a core.

65.     In its intended configuration, the ChiTronic Product includes a member (as described herein) that abuts the car seat on one side and the car's center console on the other side.

66.     In its intended configuration, the ChiTronic Product is configured to slide with the car seat (if it is in motion) along the car's center console.

67.     In its intended configuration, the ChiTronic Product includes an opening creating a slot between the top and bottom of the member, which is built to fit through the car's seatbelt buckle so that the member remains engaged with the seat when properly positioned.

COMPLAINT FOR PATENT INFRINGEMENT

68.     In its intended configuration, the ChiTronic Product includes a member with an opening or slot that is generally oval in shape when engaged with the seatbelt buckle.

69.     In its intended configuration, the ChiTronic Product includes a member with a casing made of a certain material and a core made of certain second material.

70.     In its intended configuration, the ChiTronic Product includes a member with a slot (as described herein) that has an open configuration when engaged with a seatbelt buckle and a partially closed configuration when disengaged from the seatbelt buckle.

### *Plaintiff's Notice of Infringement to Defendants*

71.     Since at least March 2013, Drop Stop LLC has widely publicized that its DROP STOP® product is patented in the United States, including on network television, on all product packaging materials and on its website www.buydropstop.com.

72.     On information and belief, Defendants have been aware of the '291 Patent at least since DROP STOP® was featured on Shark Tank in March 2013.

73.     Plaintiffs also provided Defendants with actual notice of infringement on or about March 16, 2015, and multiple times thereafter.

74.     Defendants temporarily removed the ChiTronic Product, at least through the Also Popular listing on Amazon.com's storefront, in response to Plaintiff's March 2015 cease-and-desist demand.  But Defendants later re-listed the ChiTronic Products though the Also Popular listing and through other listings.

75.     Today, Defendants continue to make, advertise, distribute, import, offer for sale, and/or sell the ChiTronic Product, including through Amazon.com and through other retailers in the United States.

## COUNT I

## Infringement of the '291 Patent

COMPLAINT FOR PATENT INFRINGEMENT

76.     Plaintiff restates and incorporates by reference its previous allegations above, as if fully set forth herein.

77.     Defendants have infringed and continue to infringe one or more claims of the '291 Patent by using, selling and/or offering to sell, in the United States and/or through importation into the United States, one or more products, including the ChiTronic Product and similar products.

78.     Defendants' willful infringements have been both direct and indirect, including contributory infringement and inducement of infringement.  Defendants' infringing activities violate 35 U.S.C. §§ 271(a) through (c).

79.     The ChiTronic Product is an apparatus adapted to be disposed in an automotive vehicle between a seat and a central console of the automotive vehicle, as described in the claims of the '291 Patent.

80.     The ChiTronic Product is an apparatus comprising an elongated member including a casing having a top, a bottom, and a pair of opposed first and second sides, the casing enclosing a core, the first side adapted to abut the seat and the second side adapted to abut the central console, the elongated member configured to slide along the central console during longitudinal motion of the seat, as described in the claims of the '291 Patent.

81.     The ChiTronic Product is an apparatus comprising a slot encircled by the casing and the core, and extending between the bottom and top of the elongated member in a generally vertical attitude normal to both the bottom and the top and aligned longitudinally when placed in the vehicle and adapted to receive a seatbelt component having one end anchored to a side of the seat, wherein the slot provides engagement to the seatbelt component when properly positioned adjacent the car seat to permit the elongated member to slide along the central console during longitudinal motion of the seat, wherein the slot is generally oval in shape when engaged with the seatbelt component, as described in the claims of the '291 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

82.    The ChiTronic Product is an apparatus for use in an automotive vehicle having a central console extending alongside a seat, as described in the claims of the '291 Patent.

83.    The ChiTronic Product is an apparatus comprising an elongated member including a casing of a first material enclosing a core of a second material having a first portion adapted to be pressed against the central console positioned adjacent to the seat, and a second portion adapted to be pressed against the seat when the elongated member is positioned in a gap defined between the central console and the seat, as described in the claims of the '291 Patent..

84.    The ChiTronic Product is an apparatus comprising a slot extending through the casing and the core of the elongated member, and adapted to receive a safety belt receiving component having a first end coupled to the seat and a second free end, wherein the slot is configured to allow the free end of the safety belt receiving component to pass through the slot and wherein the slot is conformable around the safety belt receiving component, and wherein the slot provides engagement to the safety belt receiving component when properly positioned adjacent to the seat, wherein the slot has an open configuration when engaged with the safety belt receiving component and a partially closed configuration when disengaged from the safety belt receiving component, as described in the claims of the '291 Patent..

85.    Defendants' infringements of the '291 Patent have been and continue to be intentional, willful, and without regard to Plaintiff's rights.

86.    Defendants have actively induced and continue to actively induce other online sellers, resellers, customers and/or other individuals and/or entities, including BOTU, Coolgate and others, to infringe the '291 Patent.

87.    Defendants sell and/or otherwise provide these individuals with the ChiTronic Product and other "gap filler pads" with the knowledge that the products

will be made, used, sold, offered for sale and/or imported in to the United States, in a manner that infringes the '291 Patent.

88.     Defendants also manufacture these infringing products with the intention that the products be marketed and sold through various retail channels in the United States.

89.     Defendants have contributed, and continue to contribute, to infringement of the '291 Patent by online sellers, resellers and/or other individuals and/or entities, including BOTU, Coolgate and others.  As detailed above, Defendants' products, including the ChiTronic Product and other gap fillers embody a material part of the claimed invention of the '291 Patent, and Defendants know that these products are especially made and/or adapted to infringe the '291 Patent. Defendants intend that the accused products, including the ChiTronic Product and other similar gap fillers, be made, used, sold, offered for sale and imported into the United States such that they infringe the '291 Patent.

90.     Defendants' infringement of the '291 Patent has been and continues to be willful.  Defendants know and have known of the '291 Patent.  Defendants have subjectively known their products are infringing the '291 Patent, and Defendants have proceeded despite an objectively high likelihood that a court would find the products to be infringing.

91.     Defendants do not have a license to use the '291 Patent.  Indeed, Defendants and their affiliates have never had any rights to the '291 Patent.

92.     Defendants have gained profits by virtue of their infringement of the '291 Patent.

93.     Plaintiff Drop Stop LLC has sustained significant damages as a direct and proximate result of Defendants' infringement of the '291 Patent.

94.     Plaintiff will suffer and is suffering irreparable harm from Defendants' infringement of the '291 Patent.  Plaintiff has no adequate remedy at law and is

COMPLAINT FOR PATENT INFRINGEMENT

entitled to an injunction against Defendants' continuing infringement of the '291 Patent.  Unless enjoined, Defendants will continue their infringing conduct.

## Additional Causes of Action Reserved

95.    Plaintiff restates and incorporates by reference its previous allegations as if fully set forth herein.

96.    Plaintiff is continuing its investigation as to whether Defendants and certain affiliated entities and/or individuals are also infringing Plaintiff's trademarks, copyrights and other intellectual property belonging to Plaintiff.  Plaintiff reserves its right to amend its Complaint to add claims for trademark infringement, copyright infringement and/or federal/state unfair competition after discovery on such issues.

97.    Plaintiff also intends to seek discovery to ascertain the names of other entities and/or individuals that are affiliated and operate with Defendants in committing the wrongs alleged above.  Plaintiff intends to amend its Complaint to add claims against these entities and/or individuals pending discovery on such issues.

98.    Plaintiff also reserves the right to otherwise amend its Complaint and/or add parties, to the extent permitted by the Court's scheduling order and by the Federal Rules of Civil Procedure.

## Demand for Jury Trial

99.    Plaintiff hereby demands a jury trial on all claims, damages and any other issues presented herein that are triable to a jury.

## Relief Requested

WHEREFORE, Plaintiff Drop Stop LLC prays that the Court enter judgment against Defendants Zhu, Zake International, Zake USA, 3B Tech, and Shenzhen Zhouwou, and in favor of Plaintiff as follows:

A.    Judgment that each of the Defendants has infringed one or more claims of the '291 Patent;

COMPLAINT FOR PATENT INFRINGEMENT

B.     An order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '291 Patent;

C.     A judgment awarding Plaintiff all damages adequate to compensate for Defendants' infringement of the '291 Patent, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D.     A judgment awarding Plaintiff all damages, including treble damages, based upon willful infringement, pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

E.     Judgment that the case is exceptional and an award of reasonable attorneys' fees, expenses, expert fees and other costs incurred in this action under 35 U.S.C. § 285;

F.     Judgment awarding costs of suit; and

G.     Such other relief as the Court determines to be just and proper.


DATED:  October 24, 2016          By:  _____
                                            */s/ Guy Ruttenberg*
                                       Guy Ruttenberg
                                       RUTTENBERG IP LAW, A
                                       PROFESSIONAL CORPORATION
                                       1801 Century Park East, Suite 1920
                                       Los Angeles, CA 90067
                                       Telephone: (310) 627-2270
                                       Facsimile: (310) 627-2260
                                       guy@ruttenbergiplaw.com
                                       *Attorney for Plaintiffs*

COMPLAINT FOR PATENT INFRINGEMENT