Tommy SF Wang (SBN: 272409)
Jonathan Fang (SBN: 279106)
Wang IP Law Group, P.C.
18645 E. Gale Ave. Ste #205
City of Industry, CA 91748
Telephone: (888) 827-8880
Facsimile: (888) 827-8880
Email: twang@thewangiplaw.com; jfang@thewangiplaw.com
Attorneys for Specially-Appearing for Defendants
Jianqing Zhu, et al.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROP STOP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, <br><br> PLAINTIFF, <br><br> v. <br><br> JIAN QING "JOHNNY" ZHU, an individual; ZAKE INTERNATIONAL INC., an Indiana Corporation; ZAKE USA, an unincorporated entity; 3BTECH, INC., an Indiana Corporation; AND SHENZHEN ZHOUWU TECHNOLOGY CO., LTD., a Chinese Limited Company. <br><br> DEFENDANTS. | Case No.: 2:16-cv-07916 <br><br> NOTICE OF MOTION AND MOTION FOR ORDER TO VACATE AND SET ASIDE ENTRY OF DEFAULT AGAINST SPECIALLY-APPEARING DEFENDANTS JIAN QING ZHU, ZAKE INTERNATIONAL, INC., ZAKE USA, 3BTECH, INC., AND SHENZHEN ZHOUWU TECHNOLOGY CO., LTD.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TOMMY SF WANG, ESQ.; DECLARATION OF JONATHAN FANG, ESQ.; DECLARATION OF JIANQING ZHU <br><br> DATE:  JANUARY 23, 2017 <br> TIME: 10:00AM <br> JUDGE: HON. ANDREW J. GUILFORD <br> DEPT.: 10D |

1
2
3

**TO THE ABOVE-ENTITLED HONORABLE COURT AND TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:**

4
5
6
7
8
9
10
11
12
13
14
15

NOTICE IS HEREBY GIVEN that on January 23, 2017, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10D of the above-entitled Court, located at 411 West 4th Street, Room 1053 Santa Ana, CA 92701, Defendants Jianqing Zhu, an individual ("Zhu"), 3BTECH, Inc., an Indiana corporation ("3BTECH"), Zake International, Inc., an Indiana corporation ("Zake Int'l"), Zake USA, Inc., a Delaware corporation ("Zake USA"), and Shenzhen Zhouwu Technology Co. Ltd., a foreign corporation ("Shenzhen Zhouwu") (collectively "Specially-appearing Defendants") will specially appear to move the Court for an Order to set aside and vacate the entry of default entered against them in the above-referenced case. This Motion is being made pursuant to Federal Rules of Civil Procedure ("FRCP), Rule 55 and good cause exists for the Court to grant this Motion based on either of the following grounds:

16
17
18
19
20
21
22
23

*First*, the entry of default is void as a matter of law because Specially-appearing Defendants were never properly served with the summons and complaint and did not have an opportunity to defend the allegations of the Complaint. Thus, the Court lacked personal jurisdiction over the Specially-appearing Defendants when the default was taken against them, and the default violates Specially-appearing Defendants' due process rights. (See FRCP Rule 60(b)(4); *Klapprott v. U.S.*, 335 U.S. 601 (1949); *Dennis Garber & Associates, Inc. v. Pack-Tech Int'l. Corp*, CA 10th (1997), district courts lack of jurisdiction

24
25

over defendant who has not appeared in case requires reversal of default judgment; *Hazen Research, Inc. v. Omega Minerals, Inc.*, CA 5th, 1974, 497 F. 2d 151.)

*Second*, the Court can and should set aside and vacate the entry of default pursuant to Rule 55(c) in the interests of justice because: 1) Plaintiff failed to legally effectuate service of the Complaint on Specially-appearing Defendants, pursuant to FRCP Rule 4; 2) Specially-appearing Defendants can present a meritorious defense to the Complaint; and 3) Specially-appearing Defendants have promptly filed this motion to set aside the entry of default, as soon as possible after becoming aware of the entry of default in or about December 5, 2016.

For these reasons, and as explained further below, good cause exists for the Court to vacate and set aside the entry of default entered herein against Specially-appearing Defendants, and each of them.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on 12/1/2016.  This motion will be based on this notice, the attached memorandum of points and authorities, the attached declaration of Tommy SF Wang, Esq., Jonathan Fang, Esq., and Specially-appearing Defendant Jianqing Zhu, the court records in this case, and such other and further evidence, both oral and documentary, as may be presented at time of the hearing.

\\

\\

\\

DATED:  12/21/2016          Respectfully Submitted,

_____

**Songfong Tommy Wang**
**Wang IP Law Group, P.C.**

Attorney for Specially-appearing
Defendants Jianqing Zhu, et al.

# TABLE OF CONTENTS

TABLE OF CONTENTS                                                    V

TABLE OF AUTHORITIES                                        V, VI, VII

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT   1
OF MOTION FOR ORDER TO VACATE AND SET ASIDE
ENTRY OF DEFAULT AGAINST SPECIALLY-APPEARING
DEFENDANTS JIAN QING ZHU, ZAKE INTERNATIONAL,
INC., ZAKE USA, 3BTECH, INC., AND SHENZHEN ZHOUWU
TECHNOLOGY CO., LTD

I. INTRODUCTION                                                     1

II. PLAINTIFF NEVER EFFECTUATED SERVICE OF THE          1
SUMMONS AND COMPLAINT ON ANY OF THE SPECIALLY-
APPEARING DEFENDANT

IIA. PLAINTIFF FAILED TO EFFECTUATE SERVICE OF THE      3
SUMMONS AND COMPLAINT ON SPECIALLY-APPEARING
DEFENDANT ZHU

IIB. PLAINTIFF FAILED TO EFFECTUATE SERVICE OF THE      5
SUMMONS AND COMPLAINT ON SPECIALLY-APPEARING
DEFENDANTS 3BTECH AND ZAKE INT'L

IIC. PLAINTIFF FAILED TO EFFECTUATE SERVICE OF THE      8
SUMMONS AND COMPLAINT ON SPECIALLY-APPEARING
DEFENDANT ZAKE USA

IID. PLAINTIFF FAILED TO EFFECTUATE SERVICE OF THE     11
SUMMONS AND COMPLAINT ON E SPECIALLY-APPEARING
DEFENDANT SHENZHEN ZHOUWU THROUGH THE HAGUE
OR ANY OTHER INTERNATIONAL CONVENTION

III. SPECIALLY-APPEARING DEFENDANTS' MEET AND         11
CONFER EFFORTS

IV. LEGAL AUTHORITY FOR RELIEF                          13

IVA. RELIEF FROM DEFAULT IS APPROPRIATE                 13

IVB. RELIEF SHOULD BE GRANTED BECAUSE PLAINTIFF        14
FAILED TO PROPERLY EFFECTUATE SERVICE ON ANY OF
THE SPECIALLY-APPEARING DEFENDANTS

V. CONCLUSION                                           16

1

# TABLE OF AUTHORITIES

2

***Federal Cases***

*Canal Ins. Co. v. Ashmore, C.A.8th, 61 F.3d 15 (1995)*     15

*Carmim v. Royal Caribbean Curise Line, Inc. (5th Cir. 1992) 959 F. 2d 1344, 1345.*     2

*Gold Kist, Inc. v. Laurinburg Oil Co., C.A. 3d, 756 F.2d 14 (1985)*     15

*Hawaii Carpenters' Trust Funds v. Stone,* 794 F. 2d 508, 513 (9th Cir. 1986)     13, 14

*Hazen Research, Inc. v. Omega Minerals, Inc., CA 5th, 1974, 497 F. 2d 151*     II

*Klapprott v. U.S., 335 U.S. 601 (1949)*     II

*Mason v. Genisco Technology Corp. (9th Cir. 1992) 960 F.2d 849, 851*     2

*Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987)     14

*Mendoza v. Wight Vineyard Management,* 783 F.2d 941, 945 (9th Cir. 1986)     13

*O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994)*     13

*Roberto v. De Leon Guerrero, 4 N.M.I. 295 (1995)*     14

*Textile Banking Co., Inc. v. Rentschler, C.A.7 (Ill.), 657 F.2d 844 (1981)*     15

*Wilver v. Fisher, C.A.10th, 387 F.2d 66 (1967)*     15

***State Cases***

*Bolkiah v. Superior Court, (1999) 74 Cal.App.4th 984, 1000*     2

*Brown v. Williams (2000) 78 Cal.App.4th 182, 186-187, fn. 4, 92 Cal.Rptr.2d 634*     2

*Dill v. Berquist Construction Co. (1994) 24 Cal.App.4th 1426, 1444, 29 Cal.Rptr.2d 746*     2

*Kappel v. Bartlett (1988) 200 Cal.App.3d 1457, 1466-1467, 246 Cal.Rptr. 815*     2

*Taylor-Rush v. Multitech Corp. (1990) 217 Cal.App.3d 103, 111*     2

*Dennis Garberg & Associates, Inc. v. Pack-Tech Int'l. Corp, CA 10th 1997*     II

***Federal Statutes***

***Federal Rules of Civil Procedure***

Rule 4(e)     III, 3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| Rule 55(c) | II, III, 13, 14, 15 |
| Rule 60(b) | 13, 14 |
| Rule 60(b)(4) | II, 14 |
| ***State Statutes*** | |
| California Code of Civil Procedure § 415.20 | 4, 5, 7-12, 14 |
| Indiana Rule of Trial Procedure 4.1(A) | 3, 4, 6 |
| Indiana Rule of Trial Procedure 4.6(A) | 9 |
| Indiana Rule of Trial Procedure 4.6(A)(1) | 6 |
| Indiana Rule of Trial Procedure 4.6(B) | 9 |
| Indiana Rule of Trial Procedure 4.6(C) | 8, 9 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On or about October 24, 2016, Plaintiff, Drop Stop, LLC (hereinafter, "Plaintiff"), filed its Complaint in this case against Jianqing Zhu, an individual ("Zhu"), 3BTECH, Inc., an Indiana corporation ("3BTECH"), Zake International, Inc., an Indiana corporation ("Zake Int'l"), Zake USA, Inc., a Delaware corporation ("Zake USA"), and Shenzhen Zhouwu Technology Co. Ltd., a foreign corporation ("Shenzhen Zhouwu") (collectively "Specially-appearing Defendants") for the alleged infringement of U.S. Patent No. 8,267,291 ("'291 Patent") (hereinafter, the "Complaint"). See Declaration of Wang ("Wang Decl.") at ¶4. On or about October 26, 2016, Specially-appearing Defendant Zhu received an email from a law firm informing him that the instant lawsuit had been filed against him.  See Declaration of Zhu ("Zhu Decl.") at ¶2.

## II. PLAINTIFF FAILED TO EFFECTUATE SERVICE OF THE SUMMONS AND COMPLAINT ON ANY OF THE SPECIALLY-APPEARING DEFENDANTS

Specially-appearing Defendants' Motion to vacate entry of default should be granted because Plaintiff has not properly effectuated service on any of the Specially-appearing Defendants.  Plaintiff has attempted to serve Defendants through a shotgun method of delivering the summons and complaint to various past locations and attempting to effectuate service by leaving the summons and complaint with persons that were not authorized to accept service on behalf of

Defendants.  These attempts to serve Specially-appearing Defendants were at best misguided and insufficient.

Strict compliance with service requirement is required under California law. See *Bolkiah v. Superior Court,* (1999) 74 Cal.App.4th 984, 1000. "A defendant is under no duty to respond to a defectively served summons. The notice requirement is not satisfied by actual knowledge of the action without service conforming to the statutory requirements, which are to be strictly construed." *Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1466-1467, 246 Cal.Rptr. 815; *Taylor-Rush v. Multitech Corp.* (1990) 217 Cal.App.3d 103, 111.

In Federal Court, as well, a motion for relief from default may be granted where the defendant demonstrates defects in the service of process even if the defendant had actual notice. *Carmim v. Royal Caribbean Curise Line, Inc.* (5th Cir. 1992) 959 F. 2d 1344, 1345. Defects in service of process render a judgment void and subject to direct attack by a motion for relief from default. *Mason v. Genisco Technology Corp.* (9th Cir. 1992) 960 F.2d 849, 851.

" [C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. *[Citation.]* Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void." *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444, 29 Cal.Rptr.2d 746. Under section 473, subdivision (d), the Court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service. *Brown v. Williams* (2000) 78 Cal.App.4th 182, 186-187, fn. 4, 92 Cal.Rptr.2d 634; Well & Brown, Cal. Practice

Guide: *Civil Procedure Before Trial* (The Rutter Group 2001) 5:485, pp. 5-113 to 5-114.

**A. Plaintiff Failed to Effectuate Service of the Summons and Complaint on Specially-appearing Defendant Zhu**

According to the Federal Court's docket sheet for this case, Plaintiff filed a proof of service of the summons and complaint on or about November 16, 2016 representing that service was effectuated on, Specially-appearing Defendant Zhu by: (i) personal service of the documents by leaving a copy of the summons and complaint at 10204 Adams Rd., Granger, IN 44650 ("Adams Address") on or about October 27, 2016 and mailing same to the Adams Address; (ii) substitute service of the documents upon Josh Botkin on or about October 27, 2016 and mailing the same to 3431 William Richardson Drive #B, Southbend, Indiana 46628 ("William Address"); and (iii) substitute service of the documents upon Peggy Lin on or about October 26, 2016 and mailing the same to 525 Parriott Place, City of Industry, California 91745 ("Parriott Address"). See Wang Decl. at ¶5; Exhibit "A" and "B".

Plaintiff claimed that service was effectuated on Specially-appearing Defendant Zhu at the Adams Address pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 4(e)(1) which allows service to be effectuated pursuant to the state law of where the actions is brought or where service is made. Plaintiff claims that under Indiana Rule of Trial Procedure ("Ind. R. Trial P.") 4.1 (A)(3), service was completed on Specially-appearing Defendant Zhu at the Adams Address by "leaving a copy of the summons and complaint at his dwelling house or place of

abode per Ind. R. Trial P. 4.1(A)(3)." See Dkt. 14-1; Exhibit "B".

Specially-appearing Defendant Zhu ***does not*** reside at the Adams Address nor is it his usual place of abode.  See Zhu Decl. at ¶9.  The Adams Address has been *vacant for 6 months* prior to the date this lawsuit was filed.  See Zhu Decl. at ¶10.  As such, Plaintiff's attempted service at the Adams Address upon Specially-appearing Defendant Zhu was ineffective and invalid pursuant to Indiana state law.

Moreover, Plaintiff claimed that service was effectuated on Specially-appearing Defendant Zhu at the Parriott Address and the William Address by substitute service pursuant to California Code of Civil Procedure ("CCP") § 415.20.  See Dkt. 14-2 and 14-3; Exhibit "B".

Pursuant to CCP § 415.20, "If a copy of the summons and complaint cannot ***with reasonable diligence be personally delivered*** to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business… in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address…, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing." (emphasis added).

Plaintiff did not make any attempts to personally serve Specially-appearing

1    Defendant Zhu before attempting substituted service at the Parriott Address and

2    the William Address.  In fact, the "Affidavit of Due Diligence" filed by the

3    Plaintiff for the Parriot Address states "PER MANAGER PEGGY LIN AND SHE

4    SAID SUBJECT AND COMPANY USED TO BE A VENDOR. SHE STATED

5    THAT SHE IS NOT AFFILIATED WITH THE SUBJECT OR THE COMPANY.

6    NAME OF THE COMPANY HERE IS CALLED PRO COM PRODUCTS INC."

7    See Dkt. 14-3, P. 4; Exhibit "B".  Furthermore, no affidavit of due diligence was

8    even filed in support of the purported substitute service at the William Address by

9    Plaintiff.  These facts clearly show that Plaintiff did not attempt personal service

10   on Specially-appearing Defendant Zhu with reasonable diligence.

11        Additionally, the Parriott Address and the William Address are neither

12   Specially-appearing Defendant Zhu's dwelling house, usual place of abode, or

13   usual place of business. See Zhu Decl. at ¶11 and 13. As such, the substitute

14   service pursuant to CCP § 415.20 at the Parriott Address and the William Address

15   were defective and void because i) Plaintiff failed to comply with the mandatory

16   prerequisite to such service by exercising reasonable diligence to effect personal

17   service; and ii) the Parriott Address and William Address are not Specially-

18   appearing Defendant Zhu's dwelling house, usual place of abode, or usual place of

19   business. See Wang Decl. at ¶6; Zhu Decl. at ¶11-12.

20   **B.  Plaintiff Failed to Effectuate Service of the Summons and Complaint**

21   **    on Specially-appearing Defendants 3BTech and Zake Int'l**

22        Plaintiff represents that service was effectuated on Specially-appearing

23   Defendants 3BTech and Zake Int'l by:  (i) personal service of the documents upon

24

25

registered agent Specially-appearing Defendant Zhu by leaving a copy of the summons and complaint at the Adams Address on or about November 9, 2016 and mailing same to the Adams Address; (ii) personal service of the documents upon "JOHNNY ZHU, AGENT FOR SERVICE OF PROCESS" by leaving the copies with or in the presence of "KATE WONG, ACCOUNTING MANAGER" on or about November 9, 2016 and mailing the same to the William Address. See Dkt. 15-1, 15-2, and 15-3; Dkt. 17-1, 17-2, and 17-3; Exhibit "C" and "D".

Plaintiff claims that personal service upon Specially-appearing Defendant 3BTech and Zake Int'l was effectuated by compliance with Ind. R. Trial P. 4.6(A)(1). See Dkt. 15, P. 2; Dkt. 15-2; Dkt. 17, P. 2; Dkt. 17-2; Exhibit "C" and "D". Pursuant to Ind. R. Trial P. 4.6(A)(1), "Service upon an organization may be made as follows in the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Service upon an person to be served under Ind. R. Trial P. 4.6(A)(1) is governed by Ind. R. Trial P. 4.6(B), which states "Service under subdivision (A) of this rule shall be made on the proper person in the manner provided by these rules for service upon individuals…" Thus, under Ind. R. Trial P. 4.1 (A)(3), Plaintiff is stating that service of Specially-appearing Defendant 3BTech and Zake Int'l was completed upon its registered agent Specially-appearing Defendant Zhu at the Adams Address by "leaving a copy of the Summons and Complaint at the address of the agent of service of process…" See Dkt. 15, P. 2, Line 6-7; Dkt. 17, P. 2, Line 6-7.

As previously stated, the attempted service of the documents at the Adams

Address was defective because the Adams Address was not Specially-appearing Defendant Zhu's home, dwelling house, or usual place of abode.  See Zhu Decl. at ¶9-10. As such, Plaintiff's attempted service at the Adams Address upon Specially-appearing Defendant 3BTech and Zake Int'l through Specially-appearing Defendant Zhu was defective and invalid pursuant to Indiana state law.

Plaintiff represents that service upon Specially-appearing Defendant 3BTech and Zake Int'l through Specially-appearing Defendant Zhu at the *Adams Address* was effectuated by compliance with CCP § 415.20.  See Dkt. 15, P. 2, Line 14-16; Dkt. 17, P. 2, Line 14-16.  However, Plaintiff's attached Exhibit states that service was effectuated through substitute service under CCP § 415.20 at the ***William Address*** and not the Adams Address.  Service was purportedly effectuated upon Specially-appearing Defendant Zhu by leaving the copies with or in the presence of "KATE WONG, ACCOUNTING MANAGER SERVED UNDER C.C.P. 415.20."  See Dkt. 15-3; Dkt. 17-3.

As previously stated, Plaintiff did not make any attempts to personally serve Specially-appearing Defendant Zhu before substituting service at the William Address.  Moreover, the William Address is neither Specially-appearing Defendant Zhu's dwelling house, usual place of abode, or usual place of business. See Wang Decl. at ¶6; Zhu Decl. at ¶11-12.  Furthermore, Kate Wong/Kate Wang was not authorized to accept service on behalf of Specially-appearing Defendant Zhu, or Specially-appearing Defendants 3BTech and Zake Int'l.  See Wang Decl. at ¶11.

As such, the substitute service pursuant to CCP § 415.20 at the William

Address was defective and void because: i) Plaintiff failed to comply with the mandatory prerequisite to such service by exercising reasonable diligence to effect personal service; ii) the William Address is not Specially-appearing Defendant Zhu's dwelling house, usual place of abode, or usual place of business; and iii) Kate Wong was not authorized to accept service on behalf of Specially-appearing Defendant Zhu. See Wang Decl. at ¶23.

Accordingly, since the substitute service attempted on registered agent Specially-appearing Defendant Zhu was ineffective and void, the service upon Specially-appearing Defendant 3BTech and Zake Int'l through its registered agent was also ineffective and void.

## C. Plaintiff Failed to Effectuate Service of the Summons and Complaint on Specially-appearing Defendant Zake USA

Plaintiff represents that service was effectuated on Specially-appearing Defendant Zake USA by: (i) leaving a copy of the summons and complaint at any office of such organization located within [Indiana] state with the person in charge of such office per Ind. R. Trial P. 4.6(C) on or about November 9, 2016 and mailing the same to the Adams Address; (ii) personal service of the documents upon "JOHNNY ZHU, AGENT FOR SERVICE OF PROCESS" by leaving the copies with or in the presence of "KATE WONG, ACCOUNTING MANAGER" on or about November 9, 2016 and mailing the same to the William Address. See Dkt. 18-1 and 18-2; Exhibit "E".

\\

\\

1    Plaintiff represents that service upon Specially-appearing Defendant Zake

2    USA at the Adams Address was effectuated by compliance with Ind. R. Trial P.

3    4.6(C).  See Dkt. 18, P. 2, Line 1-5.  Pursuant to Ind. R. Trial P. 4.6(C), "When

4    shown **upon an affidavit or in the return**, that service upon an organization

5    cannot be made as provided in subdivision (A) or (B) of this rule, service may be

6    made by leaving a copy of the summons and complaint at any office of such

7    organization located within this state with the person in charge of such office."

8    (emphasis added).

9    Here, Plaintiff failed to attach any such affidavit or return stating that

10   service upon Specially-appearing Defendant Zake USA could not be made as

11   provided in subdivision (A) or (B) of the Ind. R. Trial. P. 4.6 (See Decl. Wang at

12   ¶12).  Moreover, the Adams Address is a *residential address* and is not the office

13   of Specially-appearing Defendant Zake USA.

14    As such, under Ind. R. Trial P. 4.6(C), Plaintiff's attempted service of

15   Specially-appearing Defendant Zake USA was defective and void because: i)

16   Plaintiff did show upon affidavit or in return that service upon Specially-

17   appearing Defendant Zake USA could not be made pursuant to Ind. R. Trial P.

18   4.6(A) or (B); and ii) the Adams Address is not an office of Specially-appearing

19   Defendant Zake USA.

20    Plaintiff represents that service upon Specially-appearing Defendant Zake

21   USA was made through "JOHNNY ZHU, AGENT FOR SERVICE OF

22   PROCESS" at the William Address and was effectuated through compliance with

23   CCP § 415.20.  Plaintiff represents that it effectuated substitute service upon

24

25

Specially-appearing Defendant Zhu under CCP § 415.20 by leaving the copies with or in the presence of "KATE WANG, ACCOUNTING MANAGER SERVED UNDER C.C.P. 415.20." See Dkt. 18-2.

The registered agent of Specially-appearing Defendant Zake USA is "LEGALINC CORPORATE SERVICE INC." and *not* "Johnny Zhu." See Wang Decl. at ¶13; Exhibit "G".   As such, the service upon Specially-appearing Defendant Zake USA through Johnny Zhu at the William Address is defective and void.

Assuming arguendo that Johnny Zhu was Specially-appearing Defendant Zake USA's registered agent, Plaintiff still did not make any attempts to personally serve Specially-appearing Defendant Zhu before substituting service at the William Address. See Wang Decl. at ¶6; Zhu Decl. at ¶11-12.  Moreover, the William Address is neither Specially-appearing Defendant Zhu's dwelling house, usual place of abode, or usual place of business. See Zhu Decl. at ¶11. Furthermore, Kate Wong was not authorized to accept service on behalf of Specially-appearing Defendant Zhu or Defendant Zake USA. See Wang Decl. at ¶11.

As such, the substitute service pursuant to CCP § 415.20 at the William Address were defective and void because: i) Plaintiff failed to comply with the mandatory prerequisite to such service by exercising reasonable diligence to effect personal service; ii) the William Address is not Specially-appearing Defendant Zhu's dwelling house, usual place of abode, or usual place of business; and iii) Kate Wong was not authorized to accept service on behalf of Specially-appearing

Defendant Zhu or Defendant Zake USA. See Wang Decl. at ¶11, 14. Accordingly, the substitute service attempted at the William Address was defective and void.

**D. Plaintiff Failed to Effectuate Service of the Summons and Complaint on Specially-appearing Defendant Shenzhen Zhouwu Through the Hague or Any Other International Convention**

No valid or proper service of Shenzhen Zhouwu in China was ever attempted or made by Plaintiff. No personal service in China was ever attempted by Plaintiff's counsel, and no efforts were ever made to utilize the methods designated by The Hague Convention or other international conventions. See Wang Decl. at ¶16. Rather, Plaintiff arranged for personal service by "leaving the summons and complaint" at three purported office addresses: the Parriott Address, the William Address, and the Adams Address. See Dkt. 16, P. 2; Exhibit "F".

The attempt at personal service on all three aforementioned addresses were allegedly made on October 27, 2016, and Plaintiff's counsel filed its proof of service on Shenzhen Zhouwu on November 28, 2016. See Dkt. 16-1, 16-2, and 16-3. Specially-appearing Defendant Shenzhen Zhouwu's office is located in *China*. It does not have an office at the Parriott Address, William Address, or the Adams Address. See Wang Decl. at ¶15-17. As such, service was not effectuated on Specially-appearing Defendant Shenzhen Zhouwu.

**III.   SPECIALLY-APPEARING DEFENDANTS' MEET AND CONFER EFFORTS**

In or around November of 2016, Specially-appearing Defendants retained Wang IP Law Group, P.C. in a limited scope to evaluate the procedural facts of

the case. See Wang Decl. at ¶19.

On or about November 18, 2016, Mr. Wang's associate Jonathan Fang contacted Plaintiff's counsel, Mr. Guy Ruttenberg by telephone informing Mr. Ruttenberg that his firm had been recently retained and as such were asking for a courtesy extension from Mr. Ruttenberg to review the procedural and factual background of the case.  Mr. Ruttenberg refused any extension, unless Specially-appearing Defendants agreed to the opening of discovery *before* the mandatory 26(f) conference. Mr. Fang stated that without first reviewing the procedural and substantive facts of the case it would be premature to agree to the opening of the discovery without a 26(f) conference. See Declaration of Fang ("Fang Decl.") at ¶3-5.

After careful review of the procedural facts, on December 1 2016, Mr. Wang sent Mr. Ruttenberg a letter explaining the defective service of the Complaint. See Wang Decl. at ¶23.  Mr. Fang followed up with a phone call to Mr. Ruttenburg regarding the defective service.  See Fang Decl. at ¶7.

During the Meet and Confer pursuant to Local Rule 7-3, Mr. Ruttenberg acknowledged that certain part of the service may have been defective, but disagreed on whether Plaintiff had exercised "reasonable diligence" in attempting to serve Specially-appearing Defendant Zhu before attempting substitute service under California Code of Civil Procedure § 415.20.  Fang Decl. at ¶7.

That same day, following the Meet and Confer teleconference, Mr. Ruttenberg filed the request for entry of default against all the Specially-appearing Defendants. Specially-appearing Defendants are now left with no alternative but

to seek relief from the entry of default so they could have the opportunity to respond to and defend the allegations of the Complaint.

As explained further below, good cause exists pursuant to FRCP Rule 55 and Rule 60, for the Court to vacate the default entered against all Specially-appearing Defendants.

## IV. LEGAL AUTHORITY FOR RELIEF

### A. RELIEF FROM DEFAULT IS APPROPRIATE

Federal *Rule of Civil Procedure* 55(c) provides that "For good cause shown the court may set aside an entry of default..." Moreover, "the standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default [judgment]" and the factors should be "liberally interpreted when used on a motion for relief from an entry of default." See, e.g., *Hawaii Carpenters' Trust Funds v. Stone,* 794 F. 2d 508, 513 (9th Cir. 1986); *Mendoza v. Wight Vineyard Management,* 783 F.2d 941, 945 (9th Cir. 1986). As noted in *Mendoza,* "Where timely relief is sought from a default... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza,* 783 F.2d at 945-46 (internal quotations omitted).

Where timely relief from entry of default is sought and the movant has a meritorious defense, a decision on the merits is favored. *O'Connor v. Nevada,* 27 F.3d 357, 364 (9th Cir. 1994). Criteria that the court may consider include: (1) whether the moving party was willful or culpable in the default; (2) whether the nonmoving party will be prejudiced; and (3) whether the moving party has a

meritorious defense. *Roberto v. De Leon Guerrero,* 4 N.M.I. 295 (1995); *see also, Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987); *see generally,* 10 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE&PROCEDURE CIVIL 3D §§ 2692-2700 (1998). The underlying concern is to determine whether there is some possibility that the outcome of the action after a full trial will be contrary to the result achieved by the default. *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986).

As stated above, service effectuated by Plaintiff was defective against all Specially-appearing Defendants. Moreover, it is respectfully submitted that Specially-appearing Defendants cannot be found to have been willful or culpable in connection with the default entered against it.  There was no effective service of the summons and complaint upon any of the Specially-appearing Defendants.

Furthermore, setting aside the default in this action will not prejudice Plaintiff. Specially-appearing Defendants promptly filed this motion to set aside the entry of default, as soon as possible after becoming aware of the entry of default.  There does not appear to have been discovery conducted, and no hearings have been set. No judgments have been sought, and no motions besides the present are pending. Setting aside its default, therefore, would not be prejudicial in the least.

**B. RELIEF SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO PROPERLY EFFECTUATE SERVICE ON ANY OF THE SPECIALLY-APPEARING DEFENDANTS**

Additionally, pursuant to Rule 60(b), subsection (4), where a party against

whom a default is entered was *never properly served with the summons and complaint*, the default is rendered "void" as a matter of law on the grounds that the Court lacked personal jurisdiction or subject matter jurisdiction or because entry of order violated due process rights of party seeking relief from default judgment. See *Textile Banking Co., Inc. v. Rentschler*, C.A.7 (Ill.), 657 F.2d 844 (1981). In such a situation, the court must grant appropriate relief from the default judgment under Rule 60. See *Wright & Miller, Federal Practice & Procedure*, 10A Fed. Prac. & Proc. Civ. §2695 (3d ed. 2009), *citing Gold Kist, Inc. v. Laurinburg Oil Co.*, C.A. 3d, 756 F.2d 14 (1985); *Wilver v. Fisher*, C.A.10th, 387 F.2d 66 (1967); *Canal Ins. Co. v. Ashmore*, C.A.8th, 61 F.3d 15 (1995), refusal to set aside default judgment was error with respect to defendant who did not receive notice of application for default judgment.

Accordingly, Specially-appearing Defendants are entitled to relief from the entry of default in this case because the summons and complaint was never properly served on them. See Wang Decl. at ¶23. As such, the entry of default is void as a matter of law and must be set aside pursuant to Rule 55(c).

Here, the Court can and should exercise its authority to set aside the entry of default pursuant to Rule 55(c) and allow Specially-appearing Defendants to answer the Complaint and defend the case, which would be in the interests of justice for the following reasons: *First*, because Specially-appearing Defendants were never properly served. Wang Decl. at ¶23. *Second*, Specially-appearing Defendants can present a meritorious defense to the allegations of the Complaint; namely, that they have do not sell the alleged infringing product that is the subject

to this suit and the alleged product does not infringe on United States Patent No. 8,267,291. See Wang Decl. at ¶24. *Third*, Specially-appearing Defendants promptly filed this motion to set aside the entry of default, as soon as possible after becoming aware of the judgment and attempted to have Plaintiff vacate the default. Wang Decl. at ¶25.

Based upon the foregoing, good cause exists for the Court to grant Specially-appearing Defendants, and each of them, relief from the entry of default entered against them in this case pursuant to the aforementioned authority.

## V. CONCLUSION

For the foregoing reasons, Specially-appearing Defendants respectfully request that the Court grant the instant Motion to vacate and set aside entry of default entered against them in the instant case.

DATED:  12/21/2016                    Respectfully submitted,



_____
**Songfong Tommy Wang**
**Wang IP Law Group, P.C.**

Attorney for Specially-appearing
Defendants Jianqing Zhu, et al.

1

## CERTIFICATE OF SERVICE

2

3
    I hereby certify that on the date herein, a copy of the foregoing

4
SPECIALLY-APPEARING DEFENDANTS' MOTION TO VACATE AND

5
SET ASIDE ENTRY OF DEFAULT AGAINST SPECIALLY-APPEARING

6
DEFENDANTS JIAN QING ZHU, ZAKE INTERNATIONAL, INC., ZAKE

7
USA, 3BTECH, INC., AND SHENZHEN ZHOUWU TECHNOLOGY CO.,

8
LTD.; MEMORANDUM OF POINTS AND AUTHORITIES;

9
DECLARATION OF TOMMY SF WANG, ESQ.; DECLARATION OF

10
JONATHAN FANG, ESQ.; DECLARATION OF JIANG QING ZHU, dated

11
December 21, 2016, was filed electronically.

12
    Notice of the foregoing filing and this Certification of Service will be

13
sent by e-mail to Plaintiff's counsel at guy@ruttenbergiplaw.com by operation

14
of the Court's electronic filing system.  Parties may access the foregoing

15
filings and this Certificate of Service through the Court's system.

16

17
                                            /s/ Tommy SF Wang
                                            Tommy SF Wang
18

19

20

21

22

23

24

25
                MOTION TO VACATE AND SET ASIDE
                        ENTRY OF DEFAULT
                                17