Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Bassil Madanat, Bar No. 285280
bassil@ruttenbergiplaw.com
Daniel Kadin, Bar No. 311471
daniel@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff Drop Stop LLC*

JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROP STOP LLC, *a California Limited Liability Company*, <br><br> Plaintiff, <br><br> v. <br><br> JIAN QING "JOHNNY" ZHU, *an individual*; ZAKE INTERNATIONAL INC., *an Indiana Corporation*; ZAKE USA, *an unincorporated entity*; 3BTECH, INC., *an Indiana Corporation*; SHENZHEN ZHOUWU TECHNOLOGY CO., LTD., *a Chinese Limited Company*; and TAIWU KEJI CO., LTD., *a Chinese Limited Company*. <br><br> Defendants. | Case No. 2:16-cv-07916 AG(SSx) <br><br> **FINAL JUDGMENT** <br><br> Judge: Hon. Andrew J. Guilford |

The Court, having considered the Parties' Revised Joint Stipulation for Entry of Final Judgment submitted, hereby enters Final Judgment as follows:

1. Judgment is entered in favor of Drop Stop with respect to its claims for direct and indirect infringement of claims 8, 10-14 and 16-18 (the "Asserted Claims") of the '291 Patent.

2. Each Asserted Claim of the '291 Patent is valid and enforceable;

3. Defendants' defenses and counterclaims are dismissed with prejudice, including without limitation Defendants' counterclaims for declaratory relief of non-infringement and invalidity with respect to the '291 Patent;



4. The accused products identified in the First Amended Complaint, (Dkt. No. 63), including the exemplary product (pictured above), or any insubstantial derivation thereof, are covered by and infringe each Asserted Claim of the '291 Patent;

5. Defendants, their officers, directors, members, agents, servants, employees, and/or attorneys, as well as any others in active concert or participation with any of the foregoing who receive actual notice of this Judgment by personal service or otherwise, are preliminarily and permanently enjoined from making, using, offering for sale, selling, importing into the United States or selling for importation into the United States any Car Seat Gap Filler, as defined below, to the full extent afforded under Fed. R. Civ. P. 65(d). The foregoing entities and individuals are also preliminarily and permanently enjoined from assisting, aiding, or abetting any

violation of this injunction by any person or business entity subject to the injunction to the full extent afforded under Fed. R. Civ. P. 65(d).

6. The injunction shall encompass any Car Seat Gap Filler, which includes any and all of the following:

 a. The exemplary product depicted above;
 b. Any car seat gap filler sold under the ChiTronic® name;
 c. Any car seat gap filler offered through the Also Popular Amazon.com platform;
 d. Any car seat gap filler made, sold, offered for sale, imported into the United States, or sold for importation into the United States by any of the Defendants, their officers, directors, members, agents, servants, employees, and/or attorneys, as well as any others in active concert or participation with any of the foregoing who receive actual notice of this Judgment by personal service or otherwise;
 e. Any car seat gap fillers that are substantially similar to those described in subsections 6(a) through 6(d) above;
 f. An apparatus adapted to be disposed in an automotive vehicle between a seat and a central console of the automotive vehicle, comprising an elongated member including a casing having a top, a bottom, and a pair of opposed first and second sides, the casing enclosing a core, the first side adapted to abut the seat and the second side adapted to abut the central console, the elongated member configured to slide along the central console during longitudinal motion of the seat; and a slot encircled by the casing and the core, and extending between the bottom and top of the elongated member in a generally vertical attitude normal to both the bottom and the top and aligned longitudinally when placed in the vehicle and adapted to receive a seatbelt component having one end anchored to a side of the seat, wherein the slot provides engagement to

FINAL JUDGMENT

the seatbelt component when properly positioned adjacent the car seat to permit the elongated member to slide along the central console during longitudinal motion of the seat, wherein the slot is generally oval in shape when engaged with the seatbelt component.;

g. An apparatus for use in an automotive vehicle having a central console extending alongside a seat, comprising an elongated member including a casing of a first material enclosing a core of a second material having a first portion adapted to be pressed against the central console positioned adjacent to the seat, and a second portion adapted to be pressed against the seat when the elongated member is positioned in a gap defined between the central console and the seat; and a slot extending through the casing and the core of the elongated member, and adapted to receive a safety belt receiving component having a first end coupled to the seat and a second free end, wherein the slot is configured to allow the free end of the safety belt receiving component to pass through the slot and wherein the slot is conformable around the safety belt receiving component, and wherein the slot provides engagement to the safety belt receiving component when properly positioned adjacent to the seat, wherein the slot has an open configuration when engaged with the safety belt receiving component and a partially closed configuration when disengaged from the safety belt receiving component.;

h. Any apparatus that performs substantially the same function, in substantially the same way, to achieve substantially the same result as any those described in subsections 6(f) through 6(g), or if the differences over the apparatuses described in 6(f) through 6(g) are insubstantial; and/or

i. Any other apparatus that is covered by any Asserted Claim of the '291 Patent, either literally or under the doctrine of equivalents.

7. After entry of Final Judgment, Drop Stop may file a motion for attorneys' fees and costs within the time set forth in Fed. R. Civ. P. 54(d), and the Court will retain jurisdiction to consider such motion, including to make any and all factual findings (*e.g.*, willfulness, litigation misconduct, exceptional case) related to such a finding.

**IT IS SO ORDERED.**

Dated: November 1, 2017

By _____
Hon. Andrew J. Guilford
United States District Judge

FINAL JUDGMENT